UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

MARIO G. RAMOS,  :
:
    Plaintiff  :
:
    v.  : CIVIL NO. 4:CV-06-1444
:
PENNSYLVANIA DEPARTMENT OF  : (Judge McClure)
CORRECTIONS, ET AL.,  :
:
    Defendants  :

## MEMORANDUM AND ORDER

July 27, 2006

**Background**

    Mario G. Ramos ("Plaintiff"), an inmate presently confined at the State Correctional Institution, Coal Township, Pennsylvania ("SCI-Coal Twp."), initiated this pro se civil rights action pursuant to 42 U.S.C. § 1983. The complaint is accompanied by a request for leave to proceed in forma pauperis.[1]  For the reasons set forth below, Ramos' complaint will be dismissed, without prejudice, as legally frivolous pursuant to the screening provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

---

1. Ramos completed this Court's form application to proceed in forma pauperis and authorization to have funds deducted from his prison account. The Court then issued an Administrative Order directing the warden of SCI-Coal Twp. to commence deducting the full filing fee from Plaintiff's prison trust fund account.

Named as Defendants are the Pennsylvania Department of Corrections ("DOC"), and two of its officials, Secretary Jeffrey Beard and Chief Grievance Officer Sharon M. Burks.  Plaintiff is also proceeding against the following SCI-Coal Twp. Officials, Superintendent Joseph Piazza; Captain Michael Miller; Notary Public James O. Lindberg; and School Principal Elizabeth Hnylanski.  The complaint initially states that on or about August, 2005, Plaintiff "presented Mr. Beard with status of sovereign person #200438757 from Pedro A. Cortes, Secretary of the Commonwealth of Pennsylvania." Record document no. 1, ¶ IV(1).  Ramos generally contends that Secretary Beard did not acknowledge his submission.

Plaintiff next claims that Defendant Lindberg refused to notarize and copy an affidavit and other "lawful paperwork" on November 16, 2005.  Id.  In response, Ramos initiated an administrative grievance which was denied by Captain Miller on November 22, 2005.  On March 16, 2006, Lindberg again allegedly refused Plaintiff's request to have documents notarized and copied.  Plaintiff filed another grievance which was denied by Defendant Hnylanski on April 7, 2006,  by Superintendent Piazza on April 17, 2006, and thereafter by Defendant Burks.  He concludes that the Defendants' actions: denied him access to the courts, are unconstitutional, discriminatory, and constitute an act of slavery.  As relief, Plaintiff seeks compensation and injunctive relief including a change in the DOC's policy "on U.C.C." Id. at ¶ V, (1).

**Discussion**

28 U.S.C. § 1915 imposes obligations on prisoners who file

civil actions in federal court and wish to proceed in forma pauperis. § 1915(e)(2)provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

A district court may determine that process should not be issued if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions.  Neitzke v. Williams, 490 U.S. 319, 327-28 (1989); Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989).[2]  The Court of Appeals for the Third Circuit has added that "the plain meaning of 'frivolous' authorizes the dismissal of in forma pauperis claims that . . . are of little or no weight, value, or importance, not worthy of serious consideration, or trivial."  Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995).  "The frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when an indigent litigant's complaint is appropriate for summary dismissal.  Denton v. Hernandez, 504 U.S. 25, 33 (1992).

**DOC**

---

2.    Indisputably meritless legal theories are those "in which it is either readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit."  Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)).

The United States Supreme Court has ruled that a § 1983 action brought against a "State and its Board of Corrections is barred by the Eleventh Amendment unless [the State] has consented to the filing of such a suit." Alabama v. Pugh, 438 U.S. 781, 782 (1978).  The Court of Appeals for the Third Circuit has likewise concluded that the Pennsylvania Board of Probation and Parole could not be sued because "it is not a 'person' within the meaning of Section 1983." Thompson v. Burke, 556 F.2d 231, 232 (3d Cir. 1977).   Pursuant to the above standards, the DOC is clearly not a person and may not be sued under § 1983.

**Respondeat Superior**

A plaintiff, in order to state a viable civil rights claim under § 1983, must plead two essential elements:  (1) that the conduct complained of was committed by a person acting under color of state law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States.  Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

Civil rights claims cannot be premised on a theory of respondeat superior. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).  Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim.  See Rizzo v. Goode, 423 U.S. 362 (1976); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976). As explained in Rode:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence.

Rode, 845 F.2d at 1207.

Plaintiff asserts that Defendants Piazza, Miller, Hnylanski, and Burks denied him relief with respect to two (2) administrative grievances he filed against Lindberg. There are no facts alleged in the complaint which could establish that those officials were involved in the alleged denial of notary service and photocopying. Likewise, the review and denial of the grievances and subsequent administrative appeal conducted does not establish personal involvement by those Defendants in the alleged underlying unconstitutional conduct. In light of their non-involvement, it appears that Ramos may be attempting to establish liability against those Defendants solely on the basis of their supervisory roles within the DOC. Under the standards developed in Capone, such allegations are insufficient for purposes of alleging personal involvement in constitutional misconduct.

Since there are no allegations that Defendants Miller, Burks, Piazza, and Hnylanski had any knowledge, participation or acquiescence in Lindberg's alleged constitutional deprivations, it is apparent that the Plaintiff is attempting to establish liability against them solely on the basis of their supervisory capacities. Consequently, under the standards announced in Rode, those Defendants are entitled to summary dismissal.

**Grievance Procedure**

As noted above, Plaintiff indicates that Defendants Miller, Burks, Piazza, and Hnylanski violated his constitutional rights with respect to the handling of his administrative grievance. Prisoners have no constitutionally protected right to a grievance procedure. See Jones v. North Carolina Prisoners' Labor Union, Inc., 433 U.S. 119, 137-38 (1977)(Burger, C.J., concurring) ("I do not suggest that the [grievance] procedures are constitutionally mandated."); Wilson v. Horn, 971 F. Supp. 943, 946 (E.D. Pa. 1997), aff'd, 142 F.3d 430 (3d Cir. 1998); McGuire v. Forr, Civ. A. No. 94-6884, 1996 WL 131130, at *1 (E.D. Pa. March 21, 1996), aff'd, 101 F.3d 691 (3d Cir. 1996).

While prisoners do have a constitutional right to seek redress of their grievances from the government, that right is the right of access to the courts which is not compromised by the failure of prison officials to address an inmate's grievance. See Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991) (federal grievance regulations providing for administrative remedy procedure do not create liberty interest in access to that procedure). Accordingly, contentions that certain correctional officials violated an inmate's constitutional rights by failing to follow proper procedure or take corrective action following his submission of an institutional grievance are generally without merit.

**Access to the Courts**

Plaintiff's remaining claims contend that: (1) Secretary Beard did not acknowledge his submission of his "status of sovereign person" and (2) Defendant

Lindberg refused to notarize and photocopy his legal documents on two separate dates.[3] It is initially noted that this Court is unclear as to the nature or purpose of Plaintiff's submission regarding status of sovereign person. Moreover, it is equally unclear as to how Secretary Beard's purported refusal to acknowledge receipt of said document negatively impacted the Plaintiff's constitutional rights.

It is well-settled that prison inmates have a constitutional right of meaningful access to law libraries, legal materials or legal services. Bounds v. Smith, 430 U.S. 817, 821-25 (1977). Failure to provide inmates with legal research material or trained legal assistance can constitute a constitutional violation. Gluth v. Kangas, 951 F.2d 1504, 1507 (9th Cir. 1991). The United States Supreme Court in Bounds, recognized that prisons must normally make notary services available to inmates. Bounds, 430 U.S. at 824. However, a subsequent decision by the Court of Appeals for the Third Circuit clarified that "it does not necessarily follow that failure to provide such services constitutes a denial of access to the courts" because documents submitted to the courts need not be notarized. Hudson v. Robinson, 678 F.2d 462, 466 n. 5 (3d Cir. 1982),

Thereafter, the United States Supreme Court in Lewis v. Casey, 518 U.S. 343, 351-54 (1996), held that an inmate plaintiff, in order to set forth a viable claim under Bounds, must demonstrate that a non-frivolous legal claim had been frustrated or was being impeded. A plaintiff must also allege an actual injury to his litigation efforts.

---

3.     Doc. 1, ¶ IV(1)

Based on a review of the complaint, Plaintiff has not satisfied his burden under <u>Lewis</u> of demonstrating that he suffered an actual injury to a non-frivolous litigation effort.  Therefore, his remaining allegations against Defendants Beard and Lindberg which assert denial of access to the courts, cannot proceed.

Furthermore, courts have repeatedly recognized that inmates have no right to free photocopying for use in lawsuits.  <u>Johnson v. Moore</u>, 948 F.2d 517, 521 (9th Cir. 1991) ("denial of free photocopying does not amount to a denial of access to the courts"); <u>Harrell v. Keohane</u>, 621 F.2d 1059 (10th Cir. 1980); <u>Dugar v. Coughlin</u>, 613 F. Supp. 849, 854 (S.D. NY 1985) (no constitutional requirement that photocopiers be placed in prison law libraries).  Pursuant to the above discussion, Ramos' claim that he was denied photocopying by Lindberg does not set forth a viable constitutional claim.  <u>See</u> <u>Jenkins v. Porfiro</u>, Civil No. 3:CV-95-2048 slip op. (M.D. Pa. May 15, 1996)(Vanaskie, J.).

**<u>Conclusion</u>**

Since Plaintiff's complaint is "based on an indisputably meritless legal theory," it will be dismissed, without prejudice, as legally frivolous.  <u>Wilson</u>, 878 F.2d at 774.  Consequently,

**IT IS HEREBY ORDERED THAT:**

1. The Plaintiff's complaint is dismissed without prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

    2.       The Clerk of Court is directed to close the case.[4]

    3.       Any appeal from this order will be deemed frivolous, without probable cause and not taken in good faith.

          s/ James F. McClure, Jr.
        JAMES F. McCLURE, JR.
        United States District Judge

---

[4]. The dismissal of this action does not relieve Plaintiff of the obligation to pay the full filing fee. Until the filing fee is paid in full, the Administrative Order issued in this case is binding on the Warden of SCI-Coal Twp., as well as the Superintendent of any correctional facility to which Plaintiff is transferred.